UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

V.

SEBASTIEN RAYMOND,
    Defendant

Case # 8:14-CR-461(GTS)-1

---

EDWARD GROGAN, ESQ., Assistant U.S. Attorney
BROOKS G. MCARTHUR, ESQ., for Defendant Sebastien Raymond

GARY L. FAVRO, United States Magistrate Judge

## REPORT-RECOMMENDATION

Pursuant to Northern District of New York Local Criminal Rule 58.1(a)(2)(K) and 28 U.S.C. § 636(b)(3), this court recommends, for the following reasons, that Hon. Glenn T. Suddaby, U.S. District Judge, find that the defendant is currently **not** competent to stand trial and order that the defendant be hospitalized for treatment in a suitable facility to determine whether there is substantial probability that he will regain competency in the foreseeable future, under 18 U.S.C. § 4241(d).

### I. Background

On December 3, 2014, a Criminal Complaint was filed against Sebastien Raymond charging him with illegal reentry at the Champlain, New York Port of Entry in violation of 8 U.S.C. § 1326(a). An initial Appearance was held on December 4, 2014 utilizing a French Interpreter. The defendant was advised of his rights, the maximum penalty for the offense charged and was given a copy of the Criminal Complaint. The defendant provided a Financial Affidavit and was found to be eligible for a court appointed attorney. Brooks G. McArthur, Esq. was appointed to represent the defendant. A detention hearing was scheduled for December 11, 2014 in Plattsburgh. Defendant was also advised of his right to a preliminary hearing. Defendant was remanded to the custody of the U.S. Marshal pending the detention hearing.

1

A detention hearing was held on December 11, 2014. Defendant appeared with Brooks G. McArthur, Esq. and was assisted by a French Interpreter. Both attorneys and the court were provided with a copy of the Pretrial Services Report. Defendant's attorney had difficulty understanding the defendant's position and requested an opportunity to allow the defendant to address the court directly. The defendant made several comments which were inconsistent and raised a concern regarding the defendant's mental competency to continue and to understand the proceedings. The court questioned defense counsel with regard to whether he had concerns regarding the defendant's competency to continue and understand these proceedings at which time Mr. McArthur admitted that he did have concerns that the defendant did not understand the charge brought against him.

As a result of the court's observation of the defendant in court, supported by the observations and opinion of the defendant's attorney, the court indicated an order would be issued for an examination of the defendant to determine whether he was competent to stand trial. The court entered an order on December 11, 2014 directing a psychiatric or psychological examination of the defendant pursuant to 18 U.S.C. § 4241(b), and a report of that determination to be filed with the court and served upon counsel for both parties in accordance with 18 U.S.C. § 4247(b) and (c).

Defendant was ordered committed to the custody of the Attorney General for a reasonable period, not to exceed 30 days, for such evaluation pursuant to 18 U.S.C. § 4241 and 4247 to be conducted in a suitable facility as designated by the Bureau of Prisons.

On December 18, 2014, defendant was indicted and charged with one count of illegal entry in violation of 8 U.S.C. § 1326(a).

The defendant was transferred to the Metropolitan Correctional Center in New York, New York on January 5, 2015. On January 30, 2015, a request was made by the Bureau of Prisons for an additional 15 days as permitted by statute to complete the evaluation. The request was granted.

On or about February 21, 2015, the Competency to Stand Trial Evaluation was received from the Metropolitan Correction Center, New York, New York with copies provided to the Assistant U.S. Attorney and the defendant's attorney.

On March 12, 2015, the court conducted a conference call with the Assistant U.S. Attorney and the defendant's attorney to discuss the scheduling of a formal competency hearing.

The defendant's attorney indicated a desire to waive the hearing pursuant to 18 U.S. C. § 4241(c) and 4247 (d), and requested that the court recommend to the Honorable Glenn T. Suddaby, U. S. District Judge for the Northern District of New York, that based upon the competency report, the district court should find by a preponderance of the evidence the defendant is presently suffering from a mental disease rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him and he is unable to assist properly in his defense. Assistant U.S. Attorney, Edward P. Grogan, indicated that he had received and reviewed the competency report and he did not object to the report. Mr. Grogan also made note of the defendant's significant criminal history and his refusal to cooperate with the evaluation and psychological tests that were unable to be administered.

The court requested that both attorneys submit their position and request in writing to the court. Both attorneys submitted letters to the court memorializing their position and request to the court. The court indicated that based upon the court's prior observations of the defendant and the content of the competency report, it was the intention of the court to recommend to the Honorable Glenn T. Suddaby, U.S. District Judge for the Northern District of New York that the District Court find by a preponderance of the evidence that the defendant is mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him and he is unable to assist properly in his defense.

## II. Applicable Legal Standards

The question presented here is whether the defendant "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist property in his defense. . . ." 18 U.S.C. § 4241(d). A defendant's incompetence must be established by a preponderance of the evidence. *Id.* ' *United States v. Morrison*, 153 F.3d 34, 46 (2d Cir. 1998). The issue of competence focuses on whether a defendant possesses "(1) 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and (2) 'a rational as well as factual understanding of the proceedings against him,'" *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (quoting *Dusky v. United States*, 362 U.S. 402 (1960).

In determining competence, the court may consider a number of factors, including medical opinions, the court's observations of a defendant in court, and observations of the defendant by others in unguarded moments. *United States v. Hemsi,* 901 F.2d 293, 295-96 (2d

Cir. 1990); *United States v. Villegas,* 899 F.2d 1324, 1341-43 (2d Cir. 1989). The court's determination of competence will be reversed only if clearly erroneous. *Nichols,* 56 F.3d at 411. If the court finds that a defendant is not currently competent, the judge shall commit the defendant to the custody of the Attorney General, who shall hospitalize the defendant for treatment at a suitable facility "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d).

III. Analysis

Forensic psychologist Samantha E. DiMisa, Ph.D., issued a comprehensive report regarding the observation and evaluation of the defendant. This report was received and filed under seal on March 10, 2015. The defendant was evaluated on January 5, 6, 12, 13, 14, 15, 16, 20, 21, 22, 23, 26, 27, 28 and 30 and on February 2, 2015. The report indicates the defendant was unwilling to comply with a complete evaluation, therefore psychological tests were not administered. The defendant was placed on psychological observation "due to his psychotic agitation in the form of arguing with unseen others in the cell and yelling at the wall, paranoia, acute irritability, and suspected self-harming behaviors as evidenced by apparent head banging to the point there was redness and dried blood on his forehead."

The defendant was also seen by Staff Psychiatrist, Chidubem Okafor, D.O. and the Assistant Health Services Administrator, Mr. Ralph Guillaume, who served as a French translator. Dr. Okafor noted that "the defendant presented with tangential and obsessive thought processing and grandiose delusional ideas." Defendant was offered medication but declined. Dr. Okafor diagnosed the defendant with Other and Unspecified Bipolar Disorders. The defendant was not housed in general population as a result of his hostile demeanor and his active responses to internal stimuli. He was frequently observed exhibiting psychomotor agitation and bizarre behavior. His behavior was disorganized, hostile and irritable.

The report indicates that the defendant appears to meet criteria for Schizoaffective Disorder, Bipolar Type, Unspecified and Antisocial Personality Disorder. The report also indicated that the defendant's prognosis was poor given his unwillingness to consent to medication and treatment.

The report clearly states that the defendant cannot be expected to assist in his defense and that he does not understand the nature of these proceedings. The report states that "the defendant

cannot make adequate decisions on how to proceed and is currently incapable of cooperating with his defense attorney. Defendant is unable to make choices in his own best interest. It is the impression of the evaluators that the defendant is currently incapable of maintaining proper courtroom behavior, nor appropriately attending to and participating in courtroom proceedings. His behavior is agitated and unpredictable. Defendant is poorly oriented and not in contact with reality. As a result of his severe mental illness, he is incapable of comprehending the seriousness of his case and the recommendations of his attorney. He is also currently incapable of testifying relevantly or coherently in his own defense. Based upon a reasonable degree of psychological certainty, the defendant currently lacks a rational and factual understanding of the proceedings against him, is not capable of assisting counsel and is therefore not competent to stand trial."

**WHEREFORE,** based on the findings of the evaluation and the findings of this report and recommendation, it is

**RECOMMENDED,** that defendant be found **not competent,** to stand trial, and it is further

**RECOMMENDED,** that if the District Judge finds that the defendant is not competent, he be entrusted to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d), for hospitalization for treatment in a suitable facility for a duration not to exceed four months to determine whether there is a substantial probability that in the foreseeable future, defendant will attain the capacity to permit the proceedings to go forward; and that at the end of that time, the Attorney General return the defendant to the custody of the United States Marshal, who will then bring the defendant back before the court for re-examination of his competency pursuant to the statute, and it is

**ORDERED,** that due to the sensitive nature of the information contained in the report of Dr. DiMisa, that the report remain under seal, and it is further

**ORDERED,** that all the time associated with the competency examination and treatment be excluded for purposes of any Speedy Trial Act computation in this matter, pursuant to 18 U.S.C. § 3161(h)(1)(A), and it is further

**ORDERED,** that the Clerk coordinate with the United States Marshal to serve defendant with this Order and Report-Recommendation by delivering a copy to defendant **personally.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with

the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

DATED: March 24, 2015

*[signature]*
Hon. Gary L. Favro
U.S. Magistrate Judge