UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.                                                                  8:14-CR-0461
                                                                    (GTS)
SEBASTIEN RAYMOND,

                Defendant.
_____

APPEARANCES:                                                        OF COUNSEL:

HON. RICHARD S. HARTUNIAN                                           EDWARD P. GROGAN, ESQ.
United States Attorney for the N.D.N.Y.                             Assistant United States Attorney
  Counsel for the Government
James T. Foley U.S. Courthouse
445 Broadway, Room 218
Albany, NY 12207-2924

JARVIS, McARTHUR & WILLIAMS, LLC                                    BROOKS G. McARTHUR, ESQ.
  Counsel for Defendant
P.O. Box 902
Burlington, VT 05402

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this criminal proceeding against Sebastien Raymond ("Defendant") for illegal re-entry into the United States in violation of 8 U.S.C. § 1326(a), is the Report-Recommendation of United States Magistrate Judge Gary L. Favro recommending that the Court find Defendant currently not competent to stand trial and order that he be hospitalized for treatment in a suitable facility to determine whether there is a substantial probability that he will regain competency in the foreseeable future under 18 U.S.C. § 4241(d). (Dkt. No. 12.) Defendant has not filed an objection to the Report-Recommendation and the deadline in which to do so has expired. (*See generally* Docket Sheet.)

When *no* objection is made to a report-recommendation, the Court subjects that report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.: *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

Here, based upon a careful review of this matter, the Court can find no clear error in Magistrate Judge Favro's Report-Recommendation. (Dkt. No. 12.) Magistrate Judge Favro employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id*.) As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. The Court hereby finds Defendant currently not competent to stand trial.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Favor's Report-Recommendation (Dkt. No. 12) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant be entrusted to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d), for hospitalization for treatment in a suitable facility for a duration not to exceed four months to determine whether there is a substantial probability that, in the foreseeable future, Defendant will attain the capacity to permit the proceedings to go forward; and it is further

2

**ORDERED** that, at the end of the aforementioned time period, the Attorney General shall return Defendant to the custody of the United States Marshal, who will then bring Defendant back before the Court for re-examination of his competency pursuant to 18 U.S.C. §4241; and it is further

**ORDERED** that, to assist the Court in performing the aforementioned re-examination, the director of the facility at which Defendant is to be hospitalized shall (at the end of the aforementioned time period) prepare and file with the Court a psychiatric or psychological report advising the Court whether Defendant has recovered, or there is a substantial probability that in the foreseeable future he will recover, from his mental disease or defect so as to be able to understand the nature and consequences of the proceedings against him and to assist properly in his defense; and it is further

**ORDERED** that the Clerk of the Court coordinate with the United States Marshal to serve Defendant with this Decision and Order by delivering a copy of it to Defendant personally.

Dated: April 22, 2015
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge